STEVEN J. BLOXHAM (State Bar No. 96384)
FREDERICKS PEEBLES & MORGAN LLP
1001 Second Street
Sacramento, California 95814
Telephone: (916) 441-2700
Facsimile: (916) 441-2067

Attorneys for Plaintiff
ALTURAS INDIAN RANCHERIA

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTURAS INDIAN RANCHERIA, a federally-recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH L. SALAZAR, Secretary of the Interior; LARRY ECHO HAWK, Assistant Secretary of the Interior for Indian Affairs; MICHAEL S. BLACK, Director of the Bureau of Indian Affairs; DALE RISLING, Acting Regional Director of the Pacific Regional Office of the Bureau of Indian Affairs; VIRGIL AKINS, Superintendent of the Northern California Agency of the Bureau of Indian Affairs; and UNITED STATES DEPARTMENT OF THE INTERIOR,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is a civil action against the United States Department of the Interior and its officials (collectively, the "Secretary," the "Department" or "Defendants") under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551, *et seq.* and 701, *et seq.*, and the Indian Self-Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. § 450 *et seq.*, seeking mandamus and related relief compelling the Department to immediately award and

fund a "self-determination contract" proposed by the Alturas Indian Rancheria ("Plaintiff") that has remained pending for longer than the statutorily-prescribed limit.

2. In this action, Plaintiff seeks to compel action by the Department on Plaintiff's outstanding request that the Department award the Plaintiff's proposal to renew its "self-determination contract" pursuant to the ISDEAA. The ISDEAA and its corresponding regulations provide that the Secretary must accept or decline a contract proposal within 90 days. If the Secretary does not decline within 90 days, the contract proposal is deemed approved by operation of law, and the Secretary is legally required to award and fund the contract.

3. Plaintiffs' contract renewal request was submitted to the Department on February 26, 2010. The Secretary was required to award and fund the contract renewal request from the outset because it was substantially the same as the prior contract. 25 C.F.R. §§ 900.32 and 900.33. However, no action was taken by the Department within the statutorily-required time period, and therefore the Secretary is required to award the contract renewal and fund the contract. 25 U.S.C. § 450f(a)(2); 25 C.F.R. § 900.18.

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1346 (United States as defendant), 1361 (mandamus against federal official), and 25 U.S.C. § 450m-1 (ISDEAA), as hereinafter more fully appears.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Constitution and laws of the United States, including but not necessarily limited to the following provisions: U.S. Const. Art. I, § 8, cl. 3 (Indian commerce clause); U.S. Const. Amend. V (due process clause); the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.* and § 701 *et seq.*; 28 U.S.C. §§ 2201 and 2202 (declaratory

FREDERICKS
PEEBLES & MORGAN
LLP
1001 SECOND ST.
SACRAMENTO, CA

2
COMPLAINT

judgments); the All Writs Act, 28 U.S.C. § 1651; the Indian Self-Determination and Education Assistance Act ("ISDEAA"), 25 U.S.C. § 450 *et seq.*; 43 U.S.C. § 1451 *et seq.* (establishment and responsibilities of the Department of the Interior); 25 C.F.R. Part 900 (contracts under the ISDEAA); and the Federal common law.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1361, in that this is a civil action in the nature of mandamus seeking to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the Plaintiffs, which duty arises under the Constitution and laws of the United States, including but not necessarily limited to the provisions previously described.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1342, in that this is a civil action brought by an Indian Tribe with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States, including but not necessarily limited to the provisions previously described.

5. This Court has jurisdiction pursuant to 25 U.S.C. § 450m-1, in that this is a civil action or claim against the Secretary arising under the ISDEAA.

6. The sovereign immunity of the United States has been waived with respect to the subject matter of this action and the relief requested herein by the APA, 5 U.S.C. § 702, and by the ISDEAA, 25 U.S.C. § 450m-1.

**VENUE**

7. Venue in this action lies in this Court pursuant to 28 U.S.C. §§ 84(a) and 1391(e), in that this is a civil action against the United States, an agency of the United States and officials and employees of the United States and an agency thereof, each acting in his or her official capacity or under color of legal authority, and one or more Defendants each reside

FREDERICKS
PEEBLES & MORGAN
LLP
1001 SECOND ST
SACRAMENTO, CA

3
COMPLAINT

within the judicial district of the United States Eastern District of California, and no real property is involved in the action.

## THE PARTIES

8. Plaintiff the Alturas Indian Rancheria ("Tribe") is a federally-recognized Indian tribe duly organized under Section 16 of the Indian Reorganization Act of 1934, 25 U.S.C. § 476, and possessing a government-to-government relationship with the United States. *See Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs*, 74 Fed. Reg. 40218 (Aug. 4, 2009). The Tribe is organized under a constitution approved by the Secretary of the Interior or his authorized delegate on May 17, 2005 (the "Constitution"), a true and complete copy of which is attached hereto as Exhibit A.

9. Defendant Kenneth L. Salazar is the Secretary of the United States Department of the Interior ("Secretary"), with offices located at 1849 C Street, N.W., Washington, D.C. 20240, and is sued here in his official capacity. The Secretary is the chief executive officer of the United States Department of the Interior, to whom all functions of other officers, agencies and employees of the Department of the Interior, with certain exceptions not relevant hereto, have been transferred, with power to delegate, pursuant to Reorganization Plan No. 3, §§ 1 and 2, 43 U.S.C. § 1451 Note. Secretary Salazar took office on or about January 20, 2008. As the context may require, all references herein to the Secretary prior to that date refer to Secretary Salazar's predecessors in office, in their official capacities. As the Secretary of the interior, Secretary Salazar is legally obligated to engage in certain government-to-government relations with federally-recognized Indian tribes, such as acting on a contract proposal submitted pursuant to the ISDEAA within the statutorily-prescribed period.

10. Defendant Larry Echo Hawk is the Assistant Secretary of the United States Department of the Interior for Indian Affairs ("Assistant Secretary – Indian Affairs"), with

FREDERICKS
PEEBLES & MORGAN
LLP
1001 SECOND ST.
SACRAMENTO, CA

4
COMPLAINT

offices located at 1849 C Street, N.W., Washington, D.C. 20240, and is sued here in his official capacity. By the Department of the Interior Department Manual, 209 DM 8.1, subject to certain limitations not relevant hereto, the Assistant Secretary – Indian Affairs is authorized to exercise all of the authority of the Secretary with respect to Indian Affairs. Assistant Secretary Echo Hawk took office on or about May 22, 2009. As the context may require, all references herein to the Assistant Secretary – Indian Affairs prior to that date refer to Assistant Secretary Echo Hawk's predecessors in office, in their official capacities.

11. Defendant Michael S. Black is the Director of the Bureau of Indian Affairs of the United States Department of the Interior ("BIA Director"), with offices located at 1849 C Street, N.W., Room Number 4611-MIB, MS-4004-MIB, Washington, D.C. 20240, and is sued here in his official capacity. By the Department of the Interior Departmental Manual, the BIA Director is charged with the duties of administering all laws governing non-education portions of Indian Affairs; and with providing leadership and direction for the Bureau of Indian Affairs, specifically providing technical oversight and monitoring for headquarters organization and field activities of the Bureau of Indian Affairs. As the context may require, all references herein to the BIA Director prior to the date Director Black took office refer to his predecessors in office, in their official capacities.

12. Defendant Dale Risling is the Acting Regional Director for the Pacific Regional Office of the Bureau of Indian Affairs ("Pacific Regional Director"), with offices located at 2800 Cottage Way, Sacramento, California 95825, and is sued here in his official capacity. By the Department of the Interior Departmental Manual, the Pacific Regional Director is charged with the duties of representing the Bureau of Indian Affairs in interactions with tribal, State, and local governments, other Federal agencies, and the public; directing and assisting in the application and implementation of overall policies and programs by agency and field offices

FREDERICKS
PEEBLES & MORGAN
LLP
1001 SECOND ST.
SACRAMENTO, CA

5
COMPLAINT

within the Pacific Region; providing technical advice and review, evaluating performance, and coordinating those features of Bureau of Indian Affairs programs within the Pacific Region that extend beyond the jurisdiction of a single agency or field office. As the context may require, all references herein to the Pacific Regional Director prior to the date Acting Regional Director Morris took office refer to Acting Regional Director Morris's predecessors in office, in their official capacities.

13. Defendant Virgil Akins is the Superintendent of the Northern California Agency of the Pacific Regional Office of the Bureau of Indian Affairs ("Northern California Agency Superintendent"), with offices located at 1900 Churn Creek Road, Suite 300 Redding, CA 96002, and is sued here in his official capacity. By the Department of the Interior Departmental Manual, the Northern California Agency Superintendent is charged with the duties of representing the Bureau of Indian Affairs in interactions within the Northern California Agency with local tribal governing bodies, municipal and county governments, and other Federal agencies, and with the general public; directing and supervising the operation of programs administered by the Bureau of Indian Affairs within the Northern California Agency, and monitoring, supporting; and providing technical assistances to tribal governments within the Northern California Agency when an agency program or programs are administered under self-determination awards. As the context may require, all references herein to the Northern California Agency Superintendent prior to the date Superintendent Akins took office refer to Superintendent Akins' predecessors in office, in their official capacities.

14. Defendant the United States Department of the Interior is an executive agency of the United States government, established and organized pursuant to 43 U.S.C. § 1451 *et seq.*, with offices located at 1849 C Street, N.W., Washington, D.C. 20240.

///

FREDERICKS
PEEBLES & MORGAN
LLP
1001 SECOND ST.
SACRAMENTO, CA

6
COMPLAINT

## GENERAL ALLEGATIONS

15. Pursuant to the Tribe's Constitution, the governing body of the Tribe is the General Council. *See* Constitution of the Alturas Rancheria, Art. IV (Exhibit A). The Alturas General Council is made up of all Tribal Members over the age of eighteen. *Id.* at Art. IV, § 1.

16. The ISDEAA requires that the Secretary of the Interior "shall, within 90 days after receipt of [a contract] proposal, approve the proposal and award the contract unless the Secretary provides written notification to the applicant that contains a specific finding that clearly demonstrates" one of five exceptions. 25 U.S.C. § 450f(a)(2).

17. The Secretary can extend the 90-day deadline to act on a contract proposal in only one instance: "voluntary and express written consent" from the Tribe. 25 U.S.C. § 450f(a)(2); 25 C.F.R. § 900.17.

18. "A proposal that is not declined within the 90 days (or within any agreed extension under [25 C.F.R. §] 900.17) is deemed approved and *the Secretary shall award the contract or any amendment or renewal . . . .*" 25 C.F.R. § 900.18 (emphasis added); *see also* 25 C.F.R. § 900.21 ("[A] proposal can only be declined within 90 days after the Secretary receives the proposal . . . .").

19. If the Secretary declines a contract proposal, he must, in accordance of 25 U.S.C. § 450f(a)(2) and (b), provide written notification to the applicant that contains a specific finding of one of five reasons a contract proposal may be denied, and the Secretary must provide assistance to the tribal organization to overcome the stated objections. The five reasons a contract proposal may be declined are:

> i. The service to be rendered to the Indian beneficiaries of the particular program or function to be contracted will not be satisfactory;
> ii. adequate protection of trust resources is not assured;
> iii. the proposed project or function to be contracted for cannot be properly completed or maintained by the proposed contract;

iv. the amount of funds proposed under the contract is in excess of the applicable funding level for the contract . . .; or
v. the program, function, service, or activity (or portion thereof) that is the subject of the proposal is beyond the scope of programs, functions, services, or activities covered under paragraph (1) because the proposal includes activities that cannot lawfully be carried out by the contractor.

See also 25 C.F.R. § 900.29. "[T]he Secretary shall have the burden of proof to establish by clearly demonstrating the validity of the grounds for declining the contract proposal (or portion thereof)." 25 U.S.C. § 450f(e)(1); see also 25 C.F.R. § 900.163. If the Secretary fails to follow the declination procedure established in the ISDEAA, the contract proposal is deemed approved by operation of law.

20. Following approval by default or otherwise, the Secretary must award the contract and disburse the full amount of funds. 25 C.F.R. §§ 900.18 and 900.19.

21. Furthermore, proposals to renew term contracts that contain no material or substantive change are not subject to declination, and the Secretary must award and fund the contract renewal. 25 C.F.R. §§ 900.32, 900.33.

22. In this case, the Tribe entered into a self-determination contract, Contract Number CTJ52T50217 ("the Contract"), which Contract expired by its own terms on or about December 31, 2009.

23. On February 18, 2010, the Tribe sent a letter to the Department, requesting to renew its existing Contract pursuant to the ISDEAA ("the Contract Renewal Proposal"). The Contract Renewal Proposal included a supporting resolution duly adopted by the governing body of the Tribe, the Alturas General Council, and a proposed budget. A true and complete copy of the Tribe's Contract Renewal Proposal is attached as Exhibit B.

24. The Contract Renewal Proposal was substantially the same as the Tribe's previous Contract Number CTJ52T50217, with no material or substantive change.

8
COMPLAINT

25. On February 26, 2010, the Northern California Agency Superintendent ("the Superintendent") received the Contract Renewal Proposal, thereby beginning the 90-day period in which the Department is required by statute to act. 25 U.S.C. § 450f(a)(2).

26. The Tribe did not consent to an extension of the 90-day period in which the Department was required to act on the Contract Renewal Proposal.

27. None of the five exceptions to the requirement that the contract be awarded contained in 25 U.S.C. § 450f(a)(2) apply to the Contract Renewal Proposal.

28. The 90-day deadline has passed on or about May 27, 2010. As of the date of this Complaint, the Department has taken no action either to award and fund or to decline the Tribe's Contract Renewal Proposal.

29. The Tribe has been damaged by Defendants' failure to act and award and fund the Contract in that it has been deprived of the funds associated with the Contract Renewal Proposal, including the contract support funds pursuant to 25 U.S.C. § 450j-1, and in the meantime has suffered the loss of the costs to maintain the programs associated with the self-determination contract.

**FIRST CLAIM FOR RELIEF**
**Review of Final Agency Action**

30. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 29 of this Complaint.

31. The Secretary is charged by law and the regulations with the duty to approve and award the full amount of funds to any self-determination contract renewal request which is substantially the same as the prior contract. Such contract renewal proposals are not subject to declination.

32. In addition, the Secretary is charged by law and the regulations with the duty to act on a self-determination contract proposal within 90 days of the proposal's submission. If

FREDERICKS
PEEBLES & MORGAN
LLP
1001 SECOND ST.
SACRAMENTO, CA

9
COMPLAINT

the Secretary fails to decline the contract proposal within the 90-day period, the proposal is deemed approved by operation of law, and the Secretary is required by law to award and fund the contract renewal.

33. Finally, if the Secretary declines a self-determination contract proposal, he is charged by law and the regulations with the duty to follow specific procedures in declining a contract. If the Secretary fails to follow the declination procedures established by the ISDEAA and its corresponding regulations, the proposal is deemed approved by operation of law, and the Secretary is required by law to award and fund the contract renewal.

34. In this case, the Secretary failed to award the Contract Renewal Proposal, despite the fact that it was substantially the same as the prior contract. The Secretary also failed to act on the Contract Renewal Proposal within 90 days. The Secretary did not decline the Contract Renewal Proposal, and the Secretary did not follow the declination procedures.

35. In failing to award or decline to award the Tribe's Contract Renewal Proposal, the Secretary failed to comply with and satisfy the requirements of the ISDEAA.

36. Such failure is contrary to the ISDEAA, and the ISDEAA requires that the Contract Renewal Proposal be awarded and funded in full.

**SECOND CLAIM FOR RELIEF**
**Review of Final Agency Action**

37. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 29 of this Complaint.

38. The Secretary is charged by law and the regulations with the duty to approve and award the full amount of funds to any self-determination contract renewal request which is substantially the same as the prior contract. Such contract renewal proposals are not subject to declination.

39. In addition, the Secretary is charged by law and the regulations with the duty to act on a self-determination contract proposal within 90 days of the proposal's submission. If the Secretary fails to decline the contract proposal within the 90-day period, the proposal is deemed approved by operation of law, and the Secretary is required by law to award and fund the contract renewal.

40. Finally, if the Secretary declines a self-determination contract proposal, he is charged by law and the regulations with the duty to follow specific procedures in declining a contract. If the Secretary fails to follow the declination procedures established by the ISDEAA and its corresponding regulations, the proposal is deemed approved by operation of law, and the Secretary is required by law to award and fund the contract renewal.

41. In this case, the Secretary failed to award the Contract Renewal Proposal, despite the fact that it was substantially the same as the prior contract. The Secretary also failed to act on the Contract Renewal Proposal within 90 days. The Secretary did not decline the Contract Renewal Proposal, and the Secretary did not follow the declination procedures.

42. In failing to award or decline to award the Tribe's Contract Renewal Proposal, the Secretary failed to comply with and satisfy the requirements of the ISDEAA, which has unreasonably delayed fulfilling and complying with the Secretary's duties to award and fund the Alturas Indian Rancheria the Contract Renewal Proposal and to disburse the associated funds.

43. Failure to award the Contract Renewal Proposal is final agency action for which there is no other adequate remedy in a court, reviewable in accordance with 5 U.S.C. §§ 704 and 706, and Plaintiffs have exhausted all administrative remedies.

44. Such failure is arbitrary, capricious, and abuse of discretion, or otherwise not in accordance with the law, and is in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

FREDERICKS
PEEBLES & MORGAN
LLP
1001 SECOND ST.
SACRAMENTO, CA

11
COMPLAINT

45. The relief requested in this First Claim for Relief also is necessary and appropriate in aid of the jurisdiction of this honorable Court and is agreeable to usages and principles of law, within the meaning of 28 U.S.C. § 1651.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray that this honorable Court grant the following relief:

1. Pursuant to 5 U.S.C. § 706(1), declaratory relief and relief in the nature of mandamus and a mandatory injunction compelling Defendants to award and fund the contract renewal in accordance with 25 U.S.C. § 450f and 25 C.F.R. §§ 900.18 and 900.19, and further providing that this Court shall maintain jurisdiction over the matter to enforce Defendants' compliance with such relief; and

2. Issue such temporary and preliminary injunctive relief as is necessary to preserve the funds from redistribution or from lapsing at the end of the current fiscal year on September 30, 2010, pending the resolution of this dispute; and

3. Pursuant to 25 U.S.C. § 450m-1, money damages, in an amount to be determined by this honorable Court; and

4. Costs, fees and expenses, and reasonable attorneys' fees and expenses, pursuant to and in accordance with the Equal Access to Justice Act, 28 U.S.C. § 2412; and

5. Such other further relief as this honorable Court may deem just and proper.

Respectfully submitted this 27th day of July, 2010.

FREDERICKS PEEBLES & MORGAN LLP
1001 Second Street
Sacramento, California 95814
(916) 441-2700

By: /s/ Bloxham
Steven J. Bloxham

Attorneys for Plaintiff
ALTURAS INDIAN RANCHERIA