UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTURAS INDIAN RANCHERIA,

Plaintiff,

v.

KENNETH L. SALAZAR, et al.,

Defendants.

_____________________________/

NO. CIV. S-10-1997 LKK/EFB

O R D E R

Plaintiff, the Alturas Indian Rancheria ("Tribe"), filed suit against the Department of the Interior and its officials (collectively "defendants," the "Secretary," or the "Department") for failing to renew its self-determination contract in violation of the Indian Self Determination and Education Assistance Act ("ISDA") and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 704 and 706. Plaintiff seeks an order, inter alia, declaring that it is entitled to renewal of its self-determination contract under the ISDA, 25 U.S.C. § 450 et seq.

In response to plaintiff's allegations, defendants have filed

a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), alleging that this court lacks subject matter jurisdiction because plaintiff has failed to exhaust administrative remedies and there is no final agency action.

For the reasons stated below, defendants' motion to dismiss is DENIED.

## I. Background

Plaintiff is a federally-recognized tribe. (Compl. ¶ 8.) The governing body of the Tribe is the General Council, which is comprised of all members of the Tribe over eighteen years of age. (Compl. ¶ 15.) The Tribe's last undisputed General Council consisted of five members: Phillip Del Rosa, Wendy Del Rosa, and the three members collectively referred to as the "Rose Faction" — Darren Rose, Jennifer Chrisman, and Joseph Burrell. (Defs.' Mem. Supp. Dismiss 3; Pls.' Mem. Supp. Op. 3.) On February 28, 2009, the General Council of the Tribe voted to adopt two individuals, Calvin Phelps and Don Packingham, as members of the Tribe. The Del Rosa group, which includes Phelps and Packingham, and the Rose Faction disagree about whether Phelps and Packingham are merely honorary members of the Tribe or whether they have full membership, including voting rights on all Tribal matters. (Defs.' Mem. Supp. Dismiss at 3; Pls.' Mem. Supp. Op. 4.) They also dispute the validity of an attempt to remove Phillip Del Rosa as Chairman of the Tribe. (Defs.' Mem. Supp. Dismiss at 3; Pls.' Mem. Supp. Op. 5.)

In April and May of 2009, both the Del Rosa group and the Rose

Faction contacted the Bureau of Indian Affairs ("BIA") regarding their membership and governance dispute. See Pl.'s Opp'n, Exhibit F. In June 2009, the BIA's Northern California Agency Superintendent (the "Superintendent") issued two letters, dated June 6 and June 19, informing the Del Rosa group and the Rose Faction of his decision that, due to the Tribe's internal dispute, all the Tribe's General Council members, including the adoptees, were to be given an opportunity to vote on any request for federal action and that a minimum of four of the seven members would have to vote in favor of any such request. (Defs.' Mem. Supp. Dismiss at 3-4; Pls.' Mem. Supp. Op. 5-6.; Exhibit F). On July 2, 2009, the Rose Faction appealed the Superintendent's decision to the Regional Director of the BIA's Pacific Regional Office. (Exhibit G; see Defs.' Mem. Supp. Dismiss at 4; Pls.' Mem. Supp. Op. 6.)

On December 31, 2009, while the Rose Faction's July 2 appeal was pending, a self-determination contract that the Tribe had with the BIA under the ISDA expired prompting the need for the Tribe to submit a contract renewal proposal to the BIA. (See Compl. ¶ 22.) The ISDA directs the Secretary of the Department, upon request from an Indian tribe, to enter into self-determination contracts with tribal organizations. See 25 U.S.C. § 450f(a)(1). A tribal organization is "the recognized governing body of any Indian tribe; any legally established organization of Indians which is controlled sanctioned, or chartered by such governing body or which is democratically elected by the adult members of the Indian community to be served by such [an] organization and which includes the

maximum participation of Indians in all phases of its activities...” 25 U.S.C. § 450b(l).

Once the Secretary receives a contract proposal from a duly-authorized tribal organization, he has ninety days to either (1) approve the proposal and award the contract, or (2) issue a written notification declining the proposal for one of five reasons listed in § 450f(a)(2). See 25 U.S.C. § 450f(a)(2) (emphasis added). If the Secretary declines the proposal, he must “state any objections in writing[,]” “provide assistance to the tribal organization to overcome the stated objections,” and “provide the tribal organization with...the opportunity for appeal on the objections raised...” 25 U.S.C. § 450f(b). “[I]n lieu of” filing such appeal, a tribal organization may “exercise the option” to initiate federal court action pursuant to section 450m-1(a). See § 450f(b).

On February 26, 2010, the BIA's Northern California Agency (the "Agency") received a request from the Rose Faction, purporting to act on behalf of the Tribe, for renewal of the Tribe's ISDA self-determination contract. (Compl. ¶ 25.) This is the request at issue in this action. As of February 26, 2010, however, the Tribe’s membership and governance dispute remained unresolved. Following the Rose Faction’s July 2 appeal, the BIA Regional Director had vacated the Superintendent's June 2009 decisions on January 29, 2010, stating that, until the Tribe resolved its internal dispute, the BIA would recognize the Tribe's General Council as consisting of only five members, excluding the adoptees. (Defs.' Mem. Supp. Dismiss at 4; Pls.' Mem. Supp. Op. 6.) The Del Rosa group then

appealed the BIA Regional Director's January 29 decision to the Interior Board of Indian Appeals (the "Board"). (Defs.' Mem. Supp. Dismiss at 4; Pls.' Mem. Supp. Op. 7.)

On February 19, 2010, the BIA Regional Director issued a letter to the Del Rosas clarifying that, while their appeal was pending, the BIA would continue, in the interim, to recognize the Tribe's governing body as constituted prior to the governance dispute for purposes of government-to-government relations. (Pls.' Mem. Supp. Op. 7. (citing Pls.' Exhibit I).) Plaintiffs allege that the February 19 letter constituted a decision by the BIA Regional Director that went into effect on or around March 19, 2010 pursuant to 25 C.F.R. 2.6(b) — which states that BIA official's decisions "shall be effective when the time for filing a notice of appeal has expired" if no appeal has been filed — because the Del Rosa group appealed only the BIA Regional Director's January 29 decision. Id. Plaintiffs further allege that the February 19 "decision" led to the award of a self-determination contract for road and repair construction to the Tribe on April 15, 2010. (Pls.' Mem. Supp. Op. 7.) That contract is not at issue in the instant action and, given the Board's subsequent decision to vacate the BIA Regional Director's January 29 decision, it is irrelevant to the court's analysis.

On May 14, 2010, while the Del Rosa group's appeal of the BIA Regional Director's January 29 decision was pending, the Agency received another request to renew the Tribe's expired contract. (Defs.' Mem. Supp. Dismiss at 4; Exhibit 4.) The second request

came bearing signatures from two of the four members of the Del Rosa group, who were also purporting to act on behalf of the Tribe. (See Defs.' Mem. Supp. Dismiss at 4; Exhibit 4.) On May 25, 2010, the Superintendent returned both requests, noting the Tribe's internal dispute and explaining that he did not have jurisdiction to determine if either request was from a "tribal organization" as defined under the ISDA because, at the time that the Tribe's dueling factions submitted their contract renewal requests, the Del Rosa group's appeal of the BIA Regional Director's January 29 decision regarding the composition of the Tribe's governing body was pending before the Board. (Defs.' Mem. Supp. Dismiss at 4; Pls.' Mem. Supp. Op. 8.)

On June 29, 2010, the Board vacated both the BIA Regional Director's January 29 decision and the Superintendent's June 2009 decisions regarding the Tribe's governance dispute because, at the time those decisions were issued, there was no pending matter requiring federal action that would justify taking a position on the Tribe's governance dispute. Del Rosa v. Acting Pacific Regtional Director, Bureau of Indian Affairs, 51 IBIA 317, 320 (2010). It is "well-established that the ultimate determination of tribal governance must be left to tribal procedures," Wasson v. Western Regional Director, 42 IBIA 141, 158 (2006), unless "the Department must deal with the tribe for government-to-government purposes, [then] the Department may need to recognize certain individuals as tribal officials on an interim basis, pending final resolution by the tribe." LaRocque

v. Aberdeen Area Director, 29 IBIA 201, 203 (1996).

As the Board noted, however, by the time the Del Rosa group's appeal came before it, both factions had submitted ISDA contract proposals to the BIA. Del Rosa, 51 IBIA at 320. Defendants claim that in order to act on the proposals, the BIA would have to address the tribal membership and governance issues and recognize a governing body on an interim basis, pending the tribe's final resolution of the dispute. See id.; LaRocque, 29 IBIA at 203. The Board's decision to vacate the BIA's prior governance determinations returned jurisdiction to the BIA to address the Tribe's governance and membership issues in the specific context of considering the ISDA contract proposals. Del Rosa, 51 IBIA at 320; see also Alturas Indian Rancheria v. N. Cal. Agency Superintendent, Bureau of Indian Affairs, 52 IBIA 7, 9 (2010). The Board subsequently affirmed the Superintendent's May 25 decision not to act on the contract proposals for lack of jurisdiction because of the then-pending Del Rosa appeal and remanded the case to the Superintendent to determine, in the first instance, the threshold issue of whether the Rose Faction should be recognized, on an interim basis or otherwise, as having the authority to submit the proposal on behalf of the tribe. Alturas Indian Rancheria, 52 IBIA at 10.

Following the Board's decisions, the Rose Faction filed the Complaint in the instant action on July 27, 2010. (Defs.' Mem. Supp. Dismiss at 5; Pls.' Mem. Supp. Op. 9.) On August 18, 2010, in response to the Board's remand, the Superintendent reaffirmed

his May 25 determination that the BIA would consider the Tribe's General Council to be composed of seven members and that the BIA would require a majority vote from the General Council in order to move forward with any federal action, pending tribal resolution of the membership and governance dispute. (See Defs.' Mem. Supp. Dismiss at 5; Pls.' Mem. Supp. Op. 9.) The Superintendent then returned the contract proposals to both factions because neither proposal met the quorum requirement. This pre-award decision[1] on the ISDA contract proposal is subject to appeal pursuant to 25 C.F.R. Part 900, Subpart L. Two days later, the Rose Faction appealed the Superintendent's August 18 decision to the BIA Regional Director and that appeal is still pending. (Defs.' Mem. Supp. Dismiss at 5; Pls.' Mem. Supp. Op. 9.) The BIA Regional Director anticipates deciding the Rose Faction's appeal by the end of October 2010. (Defs.' Reply Pls.' Mem. Supp. Op. 4.)

## II. Analysis

The Tribe[2] seeks an order declaring, inter alia, that it is

---

[1] The Board treats BIA decisions refusing to act on ISDA proposals on the ground that the submitting party has not shown that the proposal is authorized by the tribe as an "otherwise appealable pre-award decision" under 25 C.F.R. § 900.150(i). See Trenton Indian Service Area v. Turtle Mountain Agency Superintendent, 47 IBIA 60, 60 (2008).

[2] The complaint in the instant action states that it was submitted on behalf of the Alturas Indian Rancheria (the "Tribe"). The present composition of the Tribe and its General Council is a matter of dispute within the Tribe. The members who purport to represent the Tribe in bringing this action are Darren Rose, Jennifer Chrisman, and Joseph Burrell–the Rose Faction. The caption of this Order and references to the Tribe as plaintiff shall not

entitled to renewal of its self-determination contract under the ISDA, 25 U.S.C. § 450 et seq., and that its proposed contract is deemed approved by operation of law. (Compl. ¶¶ 2-3.) The Tribe argues that it is entitled to such an order because the BIA failed to take action on the Tribe's contract renewal request within the statutorily-required time-period in violation of the APA, 5 U.S.C. §§ 704 and 706, and because it did not comply with the declination requirements of Section 102 of the ISDA, 25 U.S.C. § 450f. (See Compl. ¶¶ 1-3.)

Defendants do not dispute that BIA did not comply with the statute's declination procedures. Instead, defendants first argue that the court has no jurisdiction over the ISDA claim because the BIA has been unable to determine whether the Rose Faction qualifies as an authorized "tribal organization" under the ISDA; that issue is currently pending appeal before the BIA. (Defs.' Mem. Supp. Dismiss at 1, 7.) Further, defendants maintain that, even if the court were to assume that the Rose Faction could be considered a "tribal organization," the pending appeal precludes the Tribe from proceeding directly to court. (Defs.' Mem. Supp. Dismiss at 7.) Secondly, defendants argue that the court lacks jurisdiction over the APA claim because the Rose Faction has not exhausted its administrative remedies, and there is no final agency action.

---

be construed as an expression of any view on the merits of the underlying tribal dispute or whether the Rose Faction could bring this action in the name of the Tribe.

**A. Standard for a 12(b)(1) Motion to Dismiss**

It is well established that the party seeking to invoke the jurisdiction of the federal court has the burden of establishing that jurisdiction exists. KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 (1936); Assoc. of Medical Colleges v. United States, 217 F.3d 770, 778-779 (9th Cir. 2000). On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the standards that must be applied vary according to the nature of the jurisdictional challenge.

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994), Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990); see also 2-12 Moore's Federal Practice - Civil § 12.30 (2009). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003), Miranda v. Reno, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the

motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

Alternatively, when a party brings a factual attack, it "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Id. Specifically, a party converts a motion to dismiss into a factual motion where it "present[s] affidavits or other evidence properly brought before the court" in support of its motion to dismiss. Id. Unlike in a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court need not assume the facts alleged in a complaint are true when resolving a factual attack. Id. (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). While the motion is not converted into a motion for summary judgment, "the party opposing the motion must [nonetheless] furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. When deciding a factual challenge to subject matter jurisdiction, district courts may only rely on facts that are not intertwined with the merits of the action. Id.

**B. Subject-Matter Jurisdiction under ISDA**

This court has "original jurisdiction over any civil action or claim against the appropriate Secretary arising under" ISDA. 25 U.S.C. § 450m-1(a). The instant dispute arises from the Secretary's failure to respond to plaintiff's contract renewal request submitted pursuant to ISDA.

ISDA directs BIA, "upon the request of any Indian tribe by

tribal resolution," to enter into self-determination contracts with a tribal organization. 25 U.S.C. § 450f(a)(1). "If so authorized by an Indian tribe[,]…a tribal organization may submit a proposal" for such a contract and BIA "shall, within ninety days after receipt of the proposal approve the proposal and award the contract" unless BIA "provides written notification to the applicant that contains a specific finding that clearly demonstrates" one of five valid reasons for declining the contract renewal. Id. § 450f(a)(2). Defendant argues that ISDA's 90-day provision was never triggered since the BIA never received a contract proposal from a duly authorized tribe. The Tribe argues that any governance dispute that existed at the time that the contract proposal was submitted is irrelevant to the Secretary's obligations under ISDA.

Long-standing policy, as well as federal court precedent, require the Department, when faced with an obligation to interact with a governing body during a governance dispute, to temporarily recognize a governing body to interact with. See, Goodface v. Grassrope, 708 F.2d 335 (8th Cir. 1983). Normally, the Department recognizes the last undisputed governing body. Poe v. Pacific Regional Director, 43 IBIA 105, 112 (2006). In this case, the last undisputed governing body was the five-member Governing Council. When the Secretary received a contract proposal from that governing body, ISDA's provisions were triggered, and the Secretary had 90 days to accept or decline the proposal.

Plaintiff's claim against the Secretary therefore arises

under ISDA, and this court has original jurisdiction pursuant to 25 U.S.C. § 450m-1(a).

**III. Conclusion**

For the foregoing reasons, defendant's motion to dismiss for lack of subject-matter jurisdiction, ECF No. 6, is DENIED.

IT IS SO ORDERED.

DATED: October 15, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT