UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALTURAS INDIAN RANCHERIA,

          Plaintiff,

    v.

KENNETH L. SALAZAR,
et al.,

          Defendants.

_____/

NO. CIV. S-10-1997 LKK/EFB

O R D E R

Plaintiff, a federally recognized Indian tribe filed its original complaint with this court on July 27, 2010, and an amended complaint on November 8, 2010. In the amended complaint plaintiff alleges three claims against federal officials relating to a contract renewal request submitted by plaintiff to the Secretary of the Interior pursuant to the Indian Self-Determination and Education Assistance Act ("ISDA"). Plaintiff also seeks relief against State of California officials for violations of the Indian Gaming Regulatory Act and a Tribal-State Gaming Compact entered into by plaintiffs and the State. Pending before the court are

1

plaintiff's motion for summary judgment on its first and second claims for relief, the federal defendants' motion to dismiss plaintiff's first amended complaint, and the state defendants motion to dismiss the forth claim for relief. Also pending before the court is a motion to intervene, filed by another faction of the Alturas Indian Rancheria on January 11, 2011. The court decides the motion to intervene on the papers, and CONTINUES the hearing on plaintiff's motion for summary judgment and the defendants' motions to dismiss, currently scheduled for February 14, 2011. The hearing on those motions is CONTINUED to March 28, 2011.  The status conference, currently set for February 14, 2011, will be held at the conclusion of law and motion on March 28, 2011.

For the reasons stated below, the Motion to Intervene, ECF No. 42 is GRANTED.

**I. Background**

The factual background of this case is explained in detail in the order issued by this court on October 18, 2010, ECF No. 16. Since the issuance of that order, new factual and procedural developments have occurred and are summarized below.

On October 21, 2010, the court granted plaintiff twenty days to amend the complaint to join additional parties. ECF. No. 19. Plaintiff filed its First Amended Complaint ("FAC") on November 8, 2010, joining as defendants the State of California, its Governor, and one of its executive agencies and officials (collectively "the State") for alleged violations of the Indian Gaming Regulatory Act ("IGRA") and the Tribal-State Gaming Compact ("Alturas Tribal-State

Compact"). FAC ¶ 4.

On October 22, 2010, the BIA Acting Regional Director ("Regional Director") issued the most recent decision in the string of appeals that the Tribe's factions have made to the BIA regarding the contract and the governance dispute. (Defs.' Mem. at 4). In that decision, the Regional Director ordered the BIA's Northern California Agency Superintendent to accept the Rose Faction's contract renewal proposal and award the self-determination contract. Id. In the decision, the Regional Director explained that the Rose Faction formed a majority of the last undisputed governing body of the Tribe, and, thus, the contract renewal proposal was authorized by a majority of the General Council that the BIA currently recognizes for the purpose of government-to-government actions until the Tribe resolves its ongoing governance dispute. See id. On November 2, 2010, the Del Rosa Faction appealed the October 22 decision and that appeal is currently pending before the IBIA. (Defs.' Mem. at 5.)

On November 22, 2010, plaintiff filed a motion for summary judgment on the ISDA and APA claims. (Pl.'s Mem. at 1-2.) Plaintiff asks the court to grant mandamus relief compelling the Department to award and fund the self-determination contract submitted by the Tribe. (FAC ¶ 1.) On December 6, 2010, the federal defendants filed their opposition to plaintiff's motion for summary judgment and a cross-motion to dismiss plaintiff's FAC for lack of subject-matter jurisdiction. Doc. No. 32 ("Defs.' Mem."). On December 8, 2010, the state defendants filed a motion to dismiss the FAC's fourth claim

for relief. On January 11, 2011, the Del Rosa faction filed a motion to intervene as a party defendant, calling themselves the "real" Alturas Indian Rancheria.[1] ECF No. 42. Plaintiff timely filed an opposition, and the federal defendants timely filed a statement of non-opposition.

## II. Standard for a Motion to Intervene

Intervention is governed by Fed. R. Civ. P. 24, which is broadly construed in favor of intervention in order to prevent or simplify future litigation on related matters. <u>United States v. City of Los Angeles</u>, 288 F.3d 391, 397 (9th Cir. 2002). In determining whether the moving party is entitled to intervention, courts are "guided primarily by practical and equitable considerations," and Rule 24(a). <u>Id.</u>

## III. Analysis

The Del Rosa faction seeks to intervene as a party defendant under Fed. R. Civ. P. 24(a) and 24(b). The Del Rosas argue that their interests in "protecting its sovereign authority to determine its own membership, establish the governing body of the Tribe, and to enforce tribal law" are not adequately protected by either party in the present litigation. Mot. to Intervene at 5, ECF No. 43. The Del Rosa Faction claims that it is entitled to intervention as a right, or, in the alternative, to permissive intervention.

---

[1] Because it is beyond this court's jurisdiction to determine who is or isn't the "real" Alturas Indian Rancheria, the court will refrain from referring to any party as such. Instead, the court refers to plaintiffs as the Rose Faction, and the party seeking intervention as the Del Rosa Faction. The court instructs the parties to do the same.

4

1  Plaintiff argues that the instant case relates to the "rights and
2  entitlements of the Tribe's interim governing body only," and that
3  the Del Rosas therefore have no protectable interest in the case
4  and are not entitled to intervention. Plaintiff also argues that
5  the Del Rosa motion is untimely. Pl.'s Oppo. 5.

### A. Intervention of Right under Fed. R. Civ. P. 24(a)

A party is entitled to intervention of right if a federal statute grants the party an unconditional right to intervene, or if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). In such cases, the court must permit intervention so long as the party seeking intervention meets four elements: "(1) the application must be timely; (2) the applicant must have a 'significant protectable' interest relating to the transaction that is the subject of the litigation; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the parties before the court." League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997). See also United States v. City of Los Angeles, 288 F.3d 391, 396 (9th Cir. 2002).

////

**i. Timeliness**

Timeliness is a threshold issue for intervention as of right; if a motion is determined to be untimely, there is no need to reach the remaining three elements. League of Latin American Citizens v. Wilson 131 F.3d 1297, 1302 (9th Cir. 1997). A motion to intervene is evaluated for timeliness based on: "(1) the state of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for any length of the delay." Id.

In this case, Plaintiff states that at an October 18, 2010 status conference this court gave the Del Rosas only until November 9, 2010 to intervene. Pl.'s Oppo. At 4. According to plaintiff, the court communicated this to the Del Rosas through the Federal Defendants, who were in attendance at the status conference, and who were in communication with the Del Rosas. The order issued by the court following the status conference, however, makes no mention of a twenty-day time limit for intervention. Order, October 21, 2010, ECF No. 19. Plaintiff's argument on this ground therefore fails.

Plaintiff also argues that the motion to intervene is untimely because of the late stage of the proceedings, as the first two claims for relief are close to disposition. Plaintiff filed a motion for summary judgment on those two claims on November 19, 2010, and briefing on that motion is complete. Further, plaintiffs point out that time is a factor in this action, which arose from the federal and state governments' alleged delay in taking required

action. The court concludes, however, that the short delay that would be caused by allowing the Del Rosa faction to intervene will not cause undue prejudice to the plaintiff.

A "substantial lapse of time [before a motion is filed] weighs heavily against intervention." <u>League of United Latin Am. Citizens</u> 131 F.3d at 1302. Here, the motion to intervene was filed two months after the first amended complaint, and roughly five months after the original complaint was filed. In <u>League of United Latin Am. Citizens</u>, a twenty-seven month lapse between the filing of the complaint and the motion to intervene created "an uphill battle" for the party seeking intervention. In this case the Del Rosas justify their delay in filing the motion to intervene on the basis that they could not take any action to intervene until after the IBIA Regional Director recognized the Business Committee and the Business Committee passed a resolution to retain counsel and file the motion. The Regional Director reached his decision on December 24, 2010, according to the Del Rosa Faction. The court finds, without reaching any conclusion about the import of the IBIA Regional Director's decision recognizing the Business Committee, that the delay in filing the motion to intervene was not substantial, and the motion to intervene was timely filed.

**ii. Significant Protectable Interest**

"An applicant has a significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." <u>Donnelly v.</u>

7

Glickman, 159 F.3d 405, 409 (9th Cir. 1998). The 'relationship' prong is met "only if the resolution of the plaintiff's claims actually will affect the applicant." Id. Here, the significant protectable interest claimed by the Del Rosa faction is the Tribe's sovereign authority, which is recognized and protected under federal law. The Del Rosas claim that "the Tribe's sovereignty is directly implicated by the plaintiff's assertion that it is the duly constituted and governing body of the tribe entitled to possess and control the disposition of the Tribe's assets and property." Del Rosa Memo at 6:23-25.

The court wishes to reiterate that it is not within the court's purview in this action to decide who is the legitimate governing body of the Alturas Indian Rancheria. In this action, plaintiffs ask the court to compel the federal and state government to comply with the requirements of the statutes and regulations that govern the funding of contracts between the government and recognized tribes. This court's October 18, 2010 order concluded that the federal government had an obligation to temporarily recognize an interim governing body to interact with when faced with an obligation to interact with a tribe during a governance dispute. Order at 12. Long-standing agency policy, as well as case law dictate that the federal government interact with the last undisputed governing body of a tribe, when faced with an obligation to interact. Whatever conclusion the court ultimately reaches in this case, it will not affect the sovereign authority of the Alturas Indian Rancheria, or the Tribe's ability to possess and

control its property. Nor will the court ultimately decide who is the legitimate governing body of the Tribe. Resolution of plaintiff's claims will not affect the protectable claim asserted by the Del Rosa faction.

Despite the Del Rosa faction's misstatement of the interest at stake in this action, the court finds that the Del Rosas may have a protectable interest that is related to plaintiff's claim. Namely, the Del Rosas argue that the Tribe's Business Committee is the "last undisputed governing body" of Alturas Indian Rancheria, and is entitled to be recognized as such by the federal defendants accordingly.[2] The court concludes that the Del Rosas have an interest in arguing in this action that the Business Committee, and not the Governing Council should be treated as the interim governing body by the federal defendants. The court finds that this interest satisfies the protectable interest element for intervention of right.

**iii. The movant's ability to protect its interest**

Even where an applicant shows a significant protectable interest, "the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest." League of United

---

[2] Plaintiff argues that this court concluded in its October 18, 2010 order that the Governing Council, and not the Business Committee is the last undisputed governing body. However, the court may revisit the conclusion reached in that order. Moreover, the court reached that conclusion without the benefit of any party arguing the position that the Business Committee is the last undisputed governing body, illustrating the importance of the Del Rosa faction's participation in this action.

9

1  Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302. This element is
2  closely related to the previous one discussed. The Del Rosa faction
3  states that its interest will be impaired by the disposition of
4  this action, since the action will ultimately determine who is the
5  governing body of the Tribe and other matters that may impair the
6  Tribe's sovereignty. The plaintiff argues, as the court has already
7  noted, "this case will only resolve who the Department is required
8  to recognize on an interim basis." Pl.'s Oppo. to Mot. to Intervene
9  9:11-12. However, the court concludes that the Del Rosas' ability
10 to protect its interest in arguing that the Business Committee is
11 the body that should be recognized on an interim  basis would be
12 impaired as a practical matter, if they were not allowed to
13 intervene in this action.

**iv. Whether the Del Rosa's interests are adequately represented by the parties before the court**

"[T]he burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate." Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 823 (9th Cir. 2001)(citing Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10 (1972). The Del Rosas argue, and the court agrees, that they meet this minimal burden, since none of the parties currently before the court adequately represents the Del Rosa's interest. The state and federal defendants do not purport to represent the Del Rosas' interests, and do not oppose the motion to intervene. The plaintiff's ultimate objective–an order compelling the federal

10

government to approve and fund a self-determination contract that it submitted, is contrary to the Del Rosa's interest in the federal government interacting with the Business Committee on an interim basis. Accordingly, the court finds that this element weighs in favor of granting the Del Rosa's motion to intervene.

**B. Permissive Intervention under Fed. R. Civ. P. 24(b)**

Fed. R. Civ. P 24(b) gives the court discretion to permit intervention even if the party seeking does not meet the elements for intervention of right. Under the more lenient standard in Rule 24(b), a court may grant intervention when the party seeking it is given a conditional right to intervene by statute, or when the party "has a claim or defense that shares with the main action a common question of law or fact." The Del Rosas' claims and defenses are closely related to the questions of law and fact in plaintiff's action against the state and federal defendants, and the court concludes that the Del Rosas are entitled to permissive intervention in addition to intervention of right.

## IV. Conclusion

For the foregoing reasons, the court ORDERS as follows:

    [1] The Motion to Intervene, ECF No. 42, is GRANTED.

    [2] A hearing on Plaintiff's Motion for Summary Judgment, ECF No. 23, is SET for March 28, 2011 at 10:00 a.m.

    [3] A hearing on the Federal Defendants' Motion to Dismiss, ECF No. 31, is SET for March 28, 2011 at 10:00 a.m.

[4] A hearing on the State Defendants' Motion to Dismiss, ECF No. 35, is SET for March 28, 2011 at 10:00 a.m.

[5] The status conference, currently set for February 14, 2011, will be held at the conclusion of law and motion on March 28, 2011.

[6] The Del Rosa faction SHALL file an opposition or statement of non-opposition to the pending motion for summary judgment and motions to dismiss no later than March 14, 2011.

[7] Plaintiff, federal defendants, and state defendants MAY file a reply to the Del Rosas' opposition no later than March 21, 2011.

IT IS SO ORDERED.

DATED: February 8, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

12